UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAURUS CLYDE HILL, II,

        Plaintiff,

        v.                                        Case No. 25-cv-1787-bhl

CO ACOSTA MIGUEL et al,,

        Defendants.

---

## SCREENING ORDER

---

Taurus Clyde Hill, II, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hill's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hill has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Hill has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.13. Hill's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Hill, Acosta Miguel violated his rights when he wrote Hill an allegedly false conduct report. Hill also asserts that Cpt. Ciara, who was the hearing officer at the disciplinary hearing, violated his rights when he believed the officers' account of what happened even though their testimony did not match video evidence. Hill includes numerous other allegations, but they are difficult to understand. He seems to suggest that he is being retaliated against for complaining about misconduct, but it is not clear what he complained about, who he complained to, or what retaliatory actions were allegedly taken against him. He also asserts that officers made his time in segregation "hard," but again, it is not clear what he means by this or who was involved. There are allegations of an officer calling him a baby and other allegations of officers "jumping him," but the circumstances surrounding these alleged events are unclear. Hill also talks about his time at other institutions, needing electric shock therapy, and how everybody hates him.

2

## THE COURT'S ANALYSIS

Hill's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. While it arguably begins with "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires, it continues with vague and confusing accusations that are unclear regarding who did what, when it happened, and how it impacted him. Moreover, Hill appears to join unrelated claims against different defendants in the same pleading. He references incidents at prior institutions, appears to allege misconduct ranging from retaliation to excessive force, and sues eleven individuals without clarifying who did what. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18, 20. Finally, while not entirely clear, Hill appears to re-allege facts that the Court already determined fail to state a claim upon which relief can be granted. *See Hill v. Baham*, No. 25-cv-1212-bhl (Dkt. Nos. 7, 14) (E.D. Wis. 2025) (holding that Hill fails to state a Fourteenth Amendment claim based on allegations that he was disciplined with segregation based on a false conduct report). The Court notes that that case is currently on appeal.

For these reasons, the Court finds that the complaint fails to comply with Rule 8(a)(2) and Rules 18 and 20. If Hill wants to proceed with this lawsuit, he will need to file an amended complaint by **February 16, 2026** that cures the deficiencies identified in this decision. Hill should draft his amended complaint like he is telling a story to someone who knows nothing about his situation. This means that he should explain in chronological order: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; and (4) how he was impacted. Hill should make sure his amended complaint is like a story that can be understood by someone who is not familiar with the facts of his case, and he should be careful not to re-assert claims that the Court has already addressed in other cases. The Court will provide Hill with an amended complaint form. Hill must use the form. *See* Civil L. R. 9(b). If he needs additional space, he may attach no more than five additional pages.

Hill is advised that an amended complaint will replace prior complaints and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Hill's failure to comply with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Hill's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **February 16, 2026**, Hill may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hill a blank prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hill shall collect from his institution trust account the $348.87 balance of the filing fee by collecting monthly payments from Hill's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hill is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hill's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hill is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hill is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 20th day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge