UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TAURUS CLYDE HILL, II,

Plaintiff,

v.                                                    Case No. 25-cv-1787-bhl

CO ACOSTA MIGUEL,
CPT CIARA VINCENT, JR.
CO MARTINEZ,
CO MOLINARO,
CO BARRY,
SECURITY DIRECTOR BRANDON MORRIS,
WARDEN MASON MILLER,
CO TORRES,
CO BRENDA E BUCHAKLIAN, and
JOHN DOES,

Defendants.

## SCREENING ORDER

Plaintiff Taurus Clyde Hill, II, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 20, 2026, the Court screened the complaint and after concluding that the complaint violated Fed. R. Civ. P. 8, 18, and 20, gave Hill the opportunity to file an amended complaint, which he did on January 28, 2026. It appears that some pages of the amended complaint were inadvertently not included, so Hill supplemented the amended complaint with the missing pages on February 3, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Hill, on October 7, 2025, at about 9:30 p.m., CO Brenda Buchaklian began collecting linens. Hill asserts that he asked her why she was doing linen sweeps so late at night. Hill further asserts that Buchaklian got upset, blew everything out of proportion, and falsely accused him of calling her "a retard." Hill denies calling her a name. Buchaklian wrote Hill a conduct report. It is not clear how events escalated, but Hill explains that CO Acosta and CO Barry got in his face and started yelling. Hill asserts that CO Acosta also wrote Hill a conduct report after falsely accusing him of acting in an aggressive manner. Hill states that he was merely explaining that he had not called Buchaklian a name. Hill explains that video footage does not support Acosta's version of what happened. Hill asserts that if the Court watches the video footage, it will see that Racine Correctional Institution is retaliating against him because of a few lawsuits he filed against staff at the Milwaukee Secure Detention Facility.

Although not clear, it appears that Hill was told he was being taken to segregation. Hill asserts that he asked to speak to a supervisor first, but all the COs and sergeant "jumped" him and put him in a chokehold, which aggravated a preexisting neck injury. At some point, Hill had a disciplinary hearing on his conduct reports. He states that Captain Ciara reviewed the video footage and found him guilty. According to the exhibits Hill filed along with his amended complaint, he received fifteen days in disciplinary segregation on the conduct report written by Buchaklian. It is unclear if he was separately disciplined in connection with the conduct report written by Acosta.

2

## THE COURT'S ANALYSIS

Hill asserts that his constitutional rights were violated when Buchaklian and Acosta issued improper and false conduct reports against him, resulting in him being disciplined with at least fifteen days in segregation after being found guilty of the charges in the conduct reports. Hill fails to state a claim against Buchaklian and Acosta based on allegations that they lied in their conduct reports because the Seventh Circuit has explained filing a false conduct report may violate prison policy, but it does not on its own violate the Constitution or suggest deliberate indifference. *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019).

Nor does Hill state a claim in connection with being found guilty of the conduct reports. "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). As noted, Hill received fifteen days in segregation in connection with the conduct report from Buchaklian. He does not specify what discipline he received in connection with the other conduct report. Importantly, under Seventh Circuit precedent, standing alone, any stay in segregation for less than six months "is not enough to implicate a liberty interest that triggers due process rights." *Id.* Given the vague information Hill provides about his length of stay in segregation, the Court cannot reasonably infer that he had a constitutionally protected liberty interest.

Moreover, even if Hill had sufficiently alleged that he possessed a protected liberty interest, the Court cannot reasonably infer that his due process rights were violated. The Seventh Circuit has clarified that "inmates facing only disciplinary action like segregation, rather than disciplinary action affecting the length of their carceral sentence, like a reduction in good-time credit," are entitled to only "informal due process." *Ealy*, 109 F.4th at 966. "[I]nformal due process requires only that an inmate is provided (1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing." *Id.* According to the amended complaint, Hill received notice of the charges in the conduct reports and was able to present his version of what happened at disciplinary hearings. Hill therefore received the process he was due. The mere fact that Hill disagrees with the hearing officers' decisions is insufficient to state a claim.

Hill also does not state a retaliation claim based on his assertion that staff at Racine Correctional Institution wrote him conduct reports because his prior lawsuits were filed against

staff at Milwaukee Secure Detention Facility. To plead a retaliation claim, Hill needed to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Although Hill has arguably satisfied the first and second prongs, the Court cannot reasonably infer that he has satisfied the third. Hill offers no explanation of how staff at one institution would know (let alone care) that he had filed lawsuits against staff at a different institution. The mere fact that they all are employed by the Wisconsin Department of Corrections is not enough for the Court to reasonably infer that Hill's First Amendment activity at one institution motivated any actions by prison staff at a different institution.

Finally, Hill does not state an excessive force claim based on his allegations that all COs and a sergeant "jumped" him and placed him in a chokehold after he asked to see a supervisor in response to being told he was being taken to segregation. The "central question" when evaluating whether force used against a prisoner is excessive is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The single sentence that Hill devotes to this interaction is far too vague for the Court to infer that unidentified prison staff used force to cause Hill harm. Hill concedes that he did not comply with orders to go to segregation, so the Court is left to speculate whether force was applied to restore discipline or to cause harm. But, to state a claim, "the complaint's allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Hill's vague allegation fails to do this, he does not state a claim upon which relief can be granted.

In short, Hill has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

4

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of February, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.